IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 16-153-1 |
| | : | |
| TROY REED | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                       **April 15, 2026**

Troy Reed moves pro se for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and requests appointment of counsel. Reed argues he is entitled to compassionate release based on inadequate medical care, pandemic-related health risks, family circumstances involving his father, fear of abuse while in Bureau of Prisons (BOP) custody, and the alleged unfairness of his sentence. Because Reed has not shown extraordinary and compelling reasons warranting relief, and because the 18 U.S.C. § 3553(a) factors independently weigh against release, the Court will deny the motion. The Court will also deny Reed's request for counsel.

**BACKGROUND**

In April 2018, Reed pleaded guilty to conspiracy to distribute one kilogram or more of heroin, distribution of heroin, possession with intent to distribute heroin, possession of a firearm in furtherance of a drug-trafficking crime, and possession of a firearm by a convicted felon. Dkt. No. 146. The parties agreed to a sentence of 240 months' imprisonment. *Id*. The Presentence Investigation Report (PSR) calculated an effective advisory guideline range of 322 to 387 months, so the agreed-upon sentence fell well below the otherwise applicable range. PSR ¶ 105. The PSR describes Reed as the organizer or leader of a heroin trafficking conspiracy responsible for more than 6.9 kilograms of heroin and notes that law enforcement recovered heroin-processing materials

and a handgun during the investigation. *Id.* ¶¶ 25, 36, 39. The PSR also reflects an extensive criminal history and concludes Reed qualified as a career offender. *Id.* ¶¶ 47-58.

Reed previously sought compassionate release in 2021 and 2022 based primarily on medical concerns. The Court denied both motions. Dkt. Nos. 217, 228. In April 2024, Reed filed the instant request, again relying on medical issues and also pointing to rehabilitation and family circumstances. Dkt. No. 231. In August 2025, he submitted a handwritten supplement and asked the Court to appoint counsel. Dkt. No. 237. In that filing, Reed asserted six principal grounds for relief: inadequate medical care, pandemic-related risk, family circumstances, risk of abuse in custody, an allegedly unusually long sentence, and the asserted unfairness or unlawfulness of his sentence. *Id.* at 7-15. The Government opposes relief. Dkt. No. 233.

**DISCUSSION**

Reed's request for counsel will be denied. A defendant has no constitutional or statutory right to counsel in a proceeding under § 3582(c). *See United States v. Hart*, 331 F. App'x 972, 973 (3d Cir. 2009). The Court retains discretion to appoint counsel when "the interests of justice so require" under 18 U.S.C. § 3006A. This case does not warrant appointed counsel. Reed's filings clearly set out the grounds on which he seeks relief. The record is adequate to resolve the motion, and the legal issues are not unusually complex. Reed's allegations concerning lockdown conditions and limited access to legal resources do not change that conclusion. Dkt. No. 237 at 1-2. The Court will therefore deny Reed's request for counsel and proceed to address the merits of his § 3582 motion.

Turning to Reed's compassionate release motion, a court may reduce a term of imprisonment under § 3582(c)(1)(A) "if 'extraordinary and compelling reasons warrant such a reduction' and the reduction is consistent with both the [Sentencing] Commission's policy

statements and the sentencing factors set forth in 18 U.S.C. § 3553(a)." *United States v. Rutherford*, 120 F.4th 360, 364 (3d Cir. 2024). The defendant bears the burden of establishing entitlement to relief. *United States v. Barbee*, 25 F.4th 531, 532 (7th Cir. 2022); *United States v. Estevez-Ulloa*, No. 21-2432, 2022 WL 1165771, at *1 (3d Cir. Apr. 20, 2022) (citing *Barbee*, 25 F.4th at 532). The defendant must also satisfy § 3582(c)(1)(A)'s administrative exhaustion requirement. *United States v. Ali*, 738 F. Supp. 3d 584, 588 (E.D. Pa. 2024). There is nothing in the record indicating whether Reed satisfied the exhaustion requirement. Even assuming Reed has satisfied § 3582(c)(1)(A)'s exhaustion requirement, his motion fails on the merits.

Reed first argues that the BOP is not providing adequate long-term or specialized medical care. Dkt. No. 237 at 7. With regard to a defendant's medical circumstances, the Sentencing Commission's policy statement provides that extraordinary and compelling reasons may exist if "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C). Reed has not supported his claim of inadequate care with medical records, declarations, or any other competent evidence. His pleadings claim he suffers from high blood pressure, high cholesterol, diabetes, nerve damage, kidney and liver complications, high cholesterol, blood-pressure issues, and previously removed pre-cancerous polyps. The Government, however, represents that BOP medical records show Reed's conditions are being managed and do not constitute an extraordinary and compelling basis for release.

On this record, Reed has not shown he suffers from a condition for which the BOP is failing to provide necessary care, or any lack of care places him at serious risk of deterioration or death. His assertions are too general and thinly supported to satisfy § 3582(c)(1)(A).

3

Reed next asserts pandemic-related health concerns. Dkt. No. 237 at 7-8. That claim also fails. Reed does not identify any current infectious disease outbreak at his facility, show that his personal medical circumstances create an extraordinary risk that the BOP cannot address, or explain why ordinary mitigation measures would be inadequate. His assertions are largely based on generalized concerns drawn from the experience of COVID-19. Those assertions do not establish an extraordinary and compelling reason for release.

Reed also alleges his father is elderly and suffers from debilitating mental and physical conditions, and he asserts he is the only available caregiver. Dkt. No. 237 at 9. The Sentencing Commission's policy statement provides that extraordinary and compelling reasons may exist based on "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). The current record does not support Reed's claim. Reed has submitted no medical documentation concerning his father's condition and no evidence showing that no other caregiver is available. Contrary to his claim, the PSR reflects that Reed's father lived with his spouse, Brenda Reed, and that Reed had multiple siblings. Reed's conclusory assertion that only he can provide care for his father is not enough.

Reed next argues he faces a risk of physical or sexual abuse in BOP custody. Dkt. No. 237 at 9-10. The Sentencing Commission's policy statement provides that extraordinary and compelling reasons may exist if the defendant was a victim of "physical abuse resulting in 'serious bodily injury' . . . that was committed by, or at the direction of, a correctional officer, an employee or contractor of the [BOP], or any other individual who had custody or control over the defendant." U.S.S.G. § 1B1.13(b)(4)(B). Reed's pleadings, however, state that he has not in fact been abused. He instead points to news reports and allegations involving misconduct at other institutions or by other BOP staff. Reed's assertions that he faces a risk of physical or sexual abuse because of

4

alleged misconduct by other BOP staff at other institutions is speculative. His assertions do not establish that Reed has actually suffered the kind of abuse contemplated by the policy statement, and they do not amount to an extraordinary and compelling reason for release.

Reed also argues his sentence is unusually long or otherwise unfair. Dkt. No. 237 at 10-15. That argument fails for several reasons. First, Reed received a 240-month sentence pursuant to a Rule 11(c)(1)(C) plea agreement, and that sentence was already far below the PSR's effective guideline range of 322 to 387 months. Reed therefore has not shown the kind of gross sentencing disparity required to justify relief on an "unusually long sentence" theory. Second, Reed has not identified an intervening change in law that would materially reduce his sentencing exposure today. He instead repackages long-standing objections to the PSR's career offender determination, judicial factfinding, special assessments, jurisdiction, and the validity of the underlying proceedings. Those arguments are unsupported on the current record and are collateral attacks on the judgment rather than extraordinary and compelling reasons for early release.

Even if Reed had shown extraordinary and compelling reasons, the § 3553(a) factors would still foreclose relief. *See United States v. Pawlowski*, 967 F.3d 327, 330-31 (3d Cir. 2020) (affirming district court's denial of compassionate release based on § 3553(a) factors). The offense conduct here was serious. Reed led a large-scale heroin trafficking conspiracy, directed others in the scheme, and committed the crimes while possessing a firearm in furtherance of drug trafficking. His criminal history is extensive, and the PSR concluded he was a career offender. The sentence the Court imposed was already substantially below the advisory guideline range. Releasing Reed now would not reflect the seriousness of the offenses, would not promote respect for the law, and would not provide just punishment or adequate deterrence. Although the Court credits Reed's rehabilitative efforts and his stated desire to support his family, those considerations

do not outweigh the seriousness of the offense conduct and the recidivism concerns reflected in the record.

**CONCLUSION**

Reed has not established extraordinary and compelling reasons for a sentence reduction, and the § 3553(a) factors independently weigh against relief. His request for appointed counsel also lacks merit. The Court will therefore deny both motions.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

6